**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:07-CR-107-001** |
| | § | |
| **RAMADAN TAJIDEEN SHABAZZ** | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 21, 2008, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Ramadan Tajideen Shabazz. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by F. R. Files, Jr.

Defendant originally pleaded guilty to the offense of Possession of Counterfeit Securities, a Class C felony. The offense carried a statutory maximum imprisonment term of ten years. The United States Sentencing Guideline range was nine to fifteen months, based on a total offense level of six and a criminal history category V. On October 24, 2005, U.S. District Judge James Robart of the Western District of Washington sentenced Mr. Shabazz to fourteen months imprisonment and three years supervised release, subject to the standard conditions of release, plus special conditions which included financial disclosure and no new credit, among others.

On March 17, 2006, Defendant completed the term of imprisonment and began the three year term of supervised release. Under the terms of supervised release, Defendant was prohibited, in relevant part, from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated this condition. On July 22, 2008, while still under supervised release, Mr. Shabazz was convicted of Conspiracy to Utter Counterfeited Securities in violation of

18 U.S.C. section 371, and U.S. District Judge Leonard Davis sentenced Mr. Shabazz to a new term of imprisonment of forty-eight months plus three years of supervised release.

If the Court finds by a preponderance of the evidence that Defendant committed this violation, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Mr. Shabazz violated conditions of supervision by committing the offense of Conspiracy to Utter Counterfeited Securities in the Eastern District of Texas, Mr. Shabazz will be guilty of committing a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade B violation is eighteen to twenty-four months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the violation. The only disagreement between the parties surrounded the sentence that Mr. Shabazz should face for this violation.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court RECOMMENDS that Defendant Ramadan Tajideen Shabazz be committed to the custody of the Bureau of Prisons for a term of imprisonment of 21 months to be served consecutively with the sentence in 6:07-cr-87-1 with no supervised release to follow. The Court further RECOMMENDS that Mr. Shabazz enter drug treatment, if the Bureau of Prisons finds it advisable.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis **So ORDERED and SIGNED this 4th day of September, 2008.** for adoption immediately upon issuance.

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE